### CITY OF AUSTIN v. AUSTIN CITY CEMETERY ASSOCIATION.

#### No. 211.

**1. Injunction Against Void City Ordinance.**

Where the record shows that the right and privilege of using its property by a cemetery company for cemetery purposes was destroyed or impaired by virtue of the existence of a city ordinance, an injunction will lie, although the ordinance is void and the city was not proceeding to enforce it, and that a legal remedy existed against its enforcement...................... 336

**2. Authority to Prescribe Burial Places.**

In the charter the city of Austin is given power "to regulate the burial of the dead, * * *, to purchase, establish, and regulate one or more cemeteries within or without the city limits." It would seem that a leading purpose of this clause was to empower the city to determine for itself the localities in the city in which the burial of the dead should be permitted. It had power to pass an ordinance defining the localities for burial purposes ...................................................... 337

**3. Reasonable Ordinances.**

It was not the intention of the Legislature, in granting power to regulate the burial of the dead in the city charter, to confer upon the city power either to prohibit the burial of the dead within the limits of the city, or to unreasonably restrict the right of its citizens to provide places for that purpose within such limits.......... ............. ........................ . 338

**4. Austin City Ordinance Prescribing Localities of Cemeteries.**

It not being shown that the restriction of the right to bury the dead (extending to but three designated cemeteries) is inadequate or unreasonable, the ordinance can not be held void on its face........ ..................... 338

**5. Attacking Ordinance as Unreasonable and Void.**

When an ordinance is attacked upon the ground that it is unreasonable and therefore void, it is incumbent upon the party alleging its invalidity to aver and prove the facts which make it so. If the facts be controverted they must be determined by the jury. But whether the facts relied upon show the ordinance to be unreasonable or not is a question for the court... 338

Certified Questions from Court of Civil Appeals for Third District, in an appeal from District Court of Travis County.

*George F. Pendexter*, for appellant.—The ordinance is valid, being authorized by charter.

On validity of the ordinance, paragraph 6, section 57, of the charter of the city of Austin, gives its city council the power, by ordinance, "To regulate the burial of the dead, and to prohibit public funerals in cases of death from contagious or infectious diseases; to purchase, establish, and regulate one or more cemeteries within or without the city limits." The People ex rel. Cemetery Ass'n v. Pratt et al., 129 N. Y., 68; Cronin v. The People, 82 N. Y., 318; Church v. The Mayor, etc., 5 Cow., 538; Coates v. The Mayor, 7 Cow., 585; In re Ryers, 72 N. Y., 1; Humphrey et al. v. Trustee, etc., 109 N. C., 132; Tied. Lim. Pol. Power, 437; Park. & W. on Pub. Health and Safety, secs. 108, 195, 364, 367.

Plaintiff was not entitled to injunction, because it had an adequate remedy at law.

Section 59, charter of the city of Austin, is as follows: "That the recorder shall be the chief judicial magistrate of the city, and as such shall hold a court within said city by the name of Recorder's Court of the city of Austin, which said court shall have jurisdiction and cognizance of all misdemeanors, breaches of the peace, infractions of the ordinances, and all other charges arising under the ordinances of the city, subject, however, to an appeal to the County Court, in the same manner as appeals are taken and granted from Justice Courts to the County Court under the general laws of the State." 2 High on Injunc., sec. 1244; Creighton v. Dahmer, 70 Miss., 602; Garrison v. Atlanta, 68 Ga., 64; Wallack v. N. Y., etc., Society, 67 N. Y., 23; Levy v. Shreveport, 27 La. Ann., 620; Hallinger v. New Orleans, 42 La.

Ann., 629; Poyer v. Desplaines, 20 Ill. App., 30; Church v. Washington, 109 N. C., 21; Cohen v. Goldsboro, 77 N. C., 2; Phillips v. Stone Mountain, 61 Ga., 386; Pope v. Savannah, 74 Ga., 365.

*Clarence H. Miller* and *Fisher & Townes*, for appellee.—1. The general rule, that a court of equity will not restrain the enforcement of a void penal ordinance, does not apply where irreparable injury to property rights is involved.  Crito v. Dahma (Miss.), 13 South. Rep., 37; City v. Raedecke, 49 Md., 217; Lottery Co. v. Fitzpatrick, 3 Wood, 222; City v. Railway, 5 Am. St. Rep., 342; Bottling Co. v. Welch, 42 Fed. Rep., 561; Canal Co. v. Mayor, 29 Pac. Rep., 1036; City v. Gate Co., 71 Ga., 106; Barthet v. City, 24 Fed. Rep., 563; Davis v. Fasig, 27 N. E. Rep., 726; Shinkle v. Covington, 83 Ky., 420; Wood v. City, 14 Barb., 425; City v. Gas Co., 28 N. E. Rep., 853; City Council v. Railway, 84 Ala., 127; Railway v. City, 54 N. Y., 159; Waterworks Co. v. Mayor, 26 Fed. Rep., 615; Railway v. Ward, 14 S. E. Rep., 142; 15 Am. and Eng. Encyc. of Law, 1183; State v. Jersey City, 29 N. J. L., 170; State v. Patterson, 34 N. J. L., 171; Water Co. v. Bartlett, 16 Fed. Rep., 615.

2.  The invasion of plaintiff's property rights by the passage of the ordinance is an irreparable injury, within the meaning of the law of injunctions, for which it has no plain, adequate, and complete remedy at law.  Wood on Nuisances, 782, 762, and note; Commonwealth v. Railway, 24 Pa. St., 159; Dudley v. Hurst, 67 Md., 44 (1 Am. St. Rep., 368, and note citing and discussing many cases); 10 Am. and Eng. Encyc. of Law, 836; City v. Railway, 5 Am. St. Rep., 342.

3.  The ordinance is invalid, because not authorized by the city charter, and not within the scope and power of the city council to enact.  Tied. Lim. Pol. Power, 312, 433, 434; Park. & W. on Pub. Health, 292, 324; Suth. on Stat. Con., secs. 322, 324, 370; Horr & Bemis Mun. Pol. Ord., 32, 204, 209; 1 Dill. Mun. Corp., sec. 373, p. 444; Dunn v. City, 77 Texas, 139; Austin v. Murray, 16 Pick., 121; Williams v. Davidson, 43 Texas, 1; Pye v. Peterson, 45 Texas, 314; Brenham v. Water Co., 67 Texas, 553; Minturn v. Larue, 23 How., 430; The State v. Fay, 44 N. J. L., 476; City v. Baumgartner, 42 Iowa, 674; City v. Dressel, 47 Iowa, 599; The State v. Mott, 61 Md., 297; Bethune v. Hughes, 28 Ga., 560; City v. Laidler, 2 Minn., 190; Yates v. Milwaukee, 10 Wall., 497; Champer v. City, 35 N. E. Rep., 14; May v. People, 27 Pac. Rep., 1010; Pratt v. Borough, 25 Atl. Rep., 461; Brown v. Oberlin, 16 South. Rep., 482; Duckwall v. City, 25 Ind., 283; Sweet v. City, 41 Ind., 11; Heise v. Town, 6 Rich., 415.

4.  The ordinance is without the power of the city council to enact, because it is partial and discriminative, and is an attempt to create, and in effect does create, a monopoly in favor of the Austin Cemetery Association.  33 Cent. Law Jour., 384, and note; Cool. Const. Lim., 5

ed., pp. 243–248, *pp. 200–203; Horr & Bemis Mun. Pol. Ord., secs. 132, 135–137; Mayor v. Thorne, 7 Page, 261; Chicago v. Rumpff, 45 Ill., 90; City v. Dudley, 13 L. R. A., 587, and note; The State v. Hinman, 23 Am. St. Rep., 25, and note; Anderson v. The State, 40 Kas., 173; City v. Levy, 26 La. Ann., 67; Altgelt v. Litz, 13 L. R. A., 383, and note; Ray v. The State, 86 Tenn., 272; Sayre v. Phillips, 148 Pa. St., 482; Bills v. Belknap, 36 Iowa, 583; Ex Parte Frank, 52 Cal., 606; Yick Yo v. Hopkins, 118 U. S., 356; 43 Iowa, 524.

5. If said ordinance is within the scope of the city charter, then it is void, because unreasonable and oppressive, and an arbitrary and unwarranted invasion of the rights guaranteed in the Constitution to the citizen to use his property as he sees fit, so long as such use is lawful and not injurious to the comfort, health, and safety of the public.

In the following cases ordinances were declared unreasonable and void: Crawford v. City, 20 L. R. A., 692; The State v. Scougale, 15 L. R. A., 477, and note; Ex Parte Whitwell, 35 Am. St. Rep., 153, and note; 33 Cent. Law Jour., 384, and note; The State v. Mott, 61 Md., 297; Ex Parte O'Leary, 65 Miss., 180; Anderson v. City, 40 Kas., 173; Matter of Frazee, 63 Mich., 396; Village v. Boyer, 123 Ill., 348; Town v. Ehrenreich, 80 Ala., 579, and cases cited; Phillips v. City, 34 Pac. Rep., 902; City v. Phillips, 11 Am. Rep., 52, and note; Rayford v. People, 14 Mich., 41; Barling v. West, 29 Wis., 307; City v. Clarke, 11 S. W. Rep., 957; In re Jacobs, 98 N. Y., 98; In re Sipe, 17 L. R. E., 184; Chaddock v. Day, 13 Am. St. Rep., 468 and note; Hughes v. Recorder, 75 Mich., 574; Bank v. Sarlls, 28 N. E. Rep., 434; People v. Armstrong, 16 Am. St. Rep., 578, and note; Burrington v. Dankwardt, 73 Iowa, 170; Long v. The State, 74 Md., 565; City v. Hill, 21 L. R. A., 226; Bloomington v. Wahl, 46 Ill., 489; The State v. Goodwill, 6 L. R. A., 621, and note; Pearson v. Zehr, 138 Ill., 48; Ex Parte Frank, 62 Cal., 696; Ex Parte Sing Lee, 31 Pac. Rep., 245; City v. Schultheis, 35 N. E. Rep., 12; May v. Railway, 13 South. Rep., 141; The State v. Tenant, 14 S. E. Rep., 387; The State v. Moore, 18 S. E. Rep., 342; Yates v. Milwaukee, 10 Wall., 497; Well v. Ricord, 24 N. J. Eq., 169; Mayor v. Winfield, 8 Humph., 707; Corrigan v. Gage, 68 Mo., 541; Ward v. Greenville, 8 Baxter, 228; Baltimore v. Radecke, 49 Md., 217; Railway v. Jacksonville, 67 Ill., 38; Burling v. West, 29 Wis., 307; Clinton v. Phillips, 58 Ill., 102; Kip v. Patterson, 2 Dutch., 298; Commissioners v. Gas Co., 12 Pa. St., 318; Waters v. Leach, 3 Ark., 110; St. Paul v. Traeger, 25 Minn., 248; Shreveport v. Levy, 26 La. Ann., 671; Dunham v. Trustees, 5 Cow., 462; Napman v. People, 19 Mich., 352; Dayton v. Quigley, 29 N. J. Eq., 77; Trustees v. The People, 87 Ill., 303; Rulison v. Post, 79 Ill., 567; In re Martin, 27 Ark., 487; Mayor v. Thorne, 7 Paige, 261; Ins. Co. v. O'Connor, 27 La. Ann., 371; Wreford v. The People, 17 Mich., 41; Beroujohn v. Mobile, 27 Ala., 58; Pieri v. Mayor, 42 Miss., 493; The Commonwealth v. Wilkins, 121 Mass., 356.

Municipal ordinances must be reasonable to be valid: Cool. Const. Lim., 5 ed., 243, 248, and note; Wood on Nuisances, sec. 745, and note, pp. 828, 829, and note; 1 Dill. Mun. Corp., 399, 400; Horr & Bemis . Mun. Ord., 32, 204.

Regulation must not go beyond what is necessary for public protection: Cool. Const. Lim., 57, 68, 359, 248, and note; 1 Dill. Mun. Corp., 444; Tied. Lim. Pol. Power., 78, 196.

Police power does not extend beyond the necessity as stated in maxim, "sic utere," etc.; Tied. Lim. Pol. Power, 4, 196, 289; Cool. Const. Lim., 713.

Reasonableness of an ordinance is a question for the court. Wood on Nuisances, 825, and note; 1 Dill. Mun. Corp., 403, 404; Parker & W. on Pub. Health, 5, 6.

If power is expressly given in the charter, it is a question for the court whether the manner of its exercise is reasonable. Tied. Lim. Pol. Power, 12, 13; 1 Dill. Mun. Corp., 405.

The Legislature can not confer power to declare that to be a nuisance which is not so in fact. Wood on Nuisances, 744, 823; Tied. Lim. Pol. Power, 426; 1 Dill. Mun. Corp., 177.

GAINES, Chief Justice.—The Court of Civil Appeals for the Third Supreme Judicial District in the case above stated submits the following statement and certifies for our determination the accompanying questions:

"The appellee is a corporation chartered under the laws of this State for the purpose of maintaining a cemetery in the city of Austin, and owning and selling lots therein, for the purpose of the burial of dead human bodies, and that in 1892 it acquired and purchased within said city limits, on the north side of the Colorado river, a tract of land for said cemetery, and that in February, 1893, the city of Austin as a municipal corporation passed the following ordinance:

" 'Be it ordained by the City Council of the city of Austin:

" 'Section 1. That it shall be unlawful for any person to bury, or cause to be buried, or to in any manner aid or assist in the burial of the dead body of any human being, within the corporate limits of the city of Austin, north of the Colorado river, except in the State cemetery, the Mount Calvary cemetery, and the cemetery heretofore established by ordinances of said city, and therein designated as the Austin City cemetery; provided, that the two and one-half acre tract lying on the north of said last named cemetery, purchased by said city in 1890, shall not be considered as part of said cemetery, and no burials shall be made in said tract.

" 'Sec. 2. Any person who shall bury, or cause to be buried, or in any manner aid or assist in the burial of the dead body of a human being, in violation of section 1 of this ordinance, shall be deemed

guilty of a misdemeanor, and on conviction thereof, shall be fined not less than $50, nor more than $200.

"'Sec. 3.   This ordinance shall take effect and be in force from and after its publication, as required by the charter of the city of Austin.'

"This ordinance was passed by virtue of the following provision of the city charter: 'To regulate the burial of the dead and to prohibit public funerals in cases of death from contagious or infectious disease; to purchase, establish, and regulate one or more cemeteries within or without the city limits.'

"The territory within the city limits on the north side of the Colorado river embraces something over 4500 acres of land, some of which is thickly settled and some of which is very sparsely settled.   There is territory embraced within the city limits on the south side of the Colorado river that confessedly may be suitable for a cemetery and burial purposes, and in which cemeteries are not prohibited.

"The appellee brought its suit by injunction to restrain the city from enforcing the ordinance set out against its cemetery and the burial of the dead there, and asks that said ordinance be declared void, on the ground that the charter did not authorize the city to pass such an ordinance; and on the further ground that the same is unreasonable and unjust, and in effect deprives appellee of its property and rights without due process of law."

The questions submitted for our decision under this statement of the case are as follows:

"Question number 1:   Are the facts that the ordinance set out may be void and that the city was not immediately seeking to enforce it, and the fact that a legal remedy may exist against its enforcement, sufficient to deny the appellee the remedy by injunction to restrain its execution and to declare the ordinance void, when the facts in the record show that the right and privilege of using its property for cemetery purposes was destroyed or impaired by virtue of the existence of the ordinance, as no one in the control of dead bodies was willing that they should be buried or interred there for fear of violating the ordinance in question?

"Question number 2:   Does the provision of the city charter authorize the passage by the city council of the ordinance in question?

"Question number 3:   If said ordinance was legally passed by virtue of authority of the charter, have the courts the authority to inquire into the reasonableness or unreasonableness of the ordinance?

"Question number 4:   Is the ordinance in question void on the ground that it is unjust and unreasonable, or that it deprives the appellee of its rights or property without due process of law?

"Question number 5:   If the ordinance may be unjust or unreasonable, has the trial court the power to so determine as a matter of law when there is a jury trial, or should the matter as a mixed question of law and fact be left to the determination of the jury?"

1.   We are of the opinion that if the ordinance in controversy be void, the appellee is entitled to restrain its enforcement by the writ of injunction.   It is not to be controverted that as a general rule the aid of a court of equity can not be invoked to enjoin criminal prosecutions. This rule is, however, subordinate to the general principle, that equity will grant relief when there is not a plain, adequate, and complete remedy at law, and when it is necessary to prevent an irreparable injury.   Courts of criminal jurisdiction have power to enforce an observance of statutes against crime by visiting upon offenders the penalties affixed for their infraction, and ordinarily no one can call to his aid the powers of a court of equity in order to enforce their observance. Yet it has been held, that "the court will interfere to prevent acts amounting to crime if they do not stop at crime, but also go to the destruction or deterioration of the value of property."   Spinning Co. v. Railway, L. R., 6 Eq., 551.   This, however, does not assist us materially in the solution of the present question.   It would seem clear that if a party could be enjoined from doing an act, not criminal in its nature, which is injurious to the property of another, he could also be enjoined, if the act be one made punishable by law as a crime.   The punishment of the criminal, when the act committed has injuriously affected the value of the property of another, does not repair the injury.   The question under consideration arises upon quite a different case.   Here the appellee seeks to enjoin the city of Austin from enforcing an ordinance which it claims to be void, and says, that if the enforcement be not restrained it will result in an irreparable injury. In behalf of the city it is answered, that if the ordinance be invalid there exists a plain, adequate, and complete remedy at law.   It is true that if the ordinance be void any one prosecuted under its provisions may have it so declared, either in the original criminal action or by suing out a writ of habeas corpus.   Notwithstanding this fact, it is clear to us, without the statement of the conclusion by the Court of Civil Appeals, that the effect of the ordinance is such that if its enforcement be not restrained it may result in a total destruction of the value of appellee's property for the purpose for which it was acquired.   Its provisions are very sweeping, and denounce a penalty against "any person who shall bury or cause to be buried, or in any manner aid or assist in the burial of the dead body of a human being" contrary to its provisions.   No one, we apprehend, without some considerable inducement will do an act which may cause him to be arrested and prosecuted, however clear he might be in his own mind that the act constituted no violation of the criminal law.   A criminal prosecution is unpleasant to all people who have due respect for the law, and almost necessarily involves inconvenience and expense.   As long as the ordinance remains undisturbed it acts in terrorem, and practically accomplishes a prohibition against the burial of the dead within the limits

of the city of Austin, save in the excepted localities. Under these conditions, who would venture to bury, or be concerned in burying, a dead body in appellee's ground, or who would purchase a lot in its cemetery? Suppose a city, not having the power under its charter to do so, should pass an ordinance prohibiting the sale of butcher's meat in a certain locality; and suppose it should also prohibit any one from selling meat to be there sold or from buying in the prohibited place. The ordinance would be void, but could any one say that the business of a market man in the locality might not be effectually destroyed by it? Under such circumstances, we are of opinion he should have the right to proceed against the corporation to enjoin its enforcement. If a penalty was denounced against no one but the market man who should sell, it would seem that his remedy would be to proceed with his business and defeat any prosecution that should be brought against him for the infraction of the void ordinance. But to deny a remedy in a court of equity in the case first supposed, or in the present case analogous to it, would be, we think, to disregard the fundamental principle upon which such courts are established. We are aware that our conclusion in this case is in conflict with the case of Wardens v. Washington, 109 North Carolina, 21; but it is supported by the case of the City of Atlanta v. Gas Light Company, 71 Georgia, 106, and other authorities. In the latter case the court say: "Where it is manifest * * * that a prosecution and arrest is threatened for an alleged violation of city ordinances for the sole purpose of preventing the exercise of civil rights conferred directly by law, injunction is the proper remedy to prevent injury to the party thus menaced."

2. We are of opinion that the second question should also be answered in the affirmative. To regulate an act implies that the act shall be permitted, but that it may be controlled by reasonable restrictions as to the manner and circumstances of its performance. The People v. Gadway, 61 Mich., 285; In re Hauck, 70 Mich., 396; Austin v. Murray, 16 Pick., 121; Ward v. Waterworks Co., L. R. 24, Q. B. Div., 334. The power to regulate, we think, includes not only the power of prescribing the manner in which it shall be done, but may also embrace the time and place of doing it. In re Wilson, 32 Minn., 145; City of Piqua v. Zimmerlin, 35 Ohio St., 507. We think we may safely say, that as a matter of common knowledge the mode of the interment of the dead in this State is substantially uniform, and it may be doubted whether there exists any great necessity of restrictions as to the mere mode of burial; while on the other hand, the location of cemeteries in large cities is a matter of important public concern. It would seem, therefore, that a leading purpose of the provision in the city charter now in question was to empower the city to determine for itself the localities in the city in which the burial of the dead should be permitted.

3. It is doubtless within the power of the Legislature to make arbitrary laws, provided they neither infringe the Constitution of the State nor that of the United States. We are not prepared to say that it could not delegate that power to a municipal corporation. But before it should be held that such grant was intended, it would seem that the language of the charter should be sufficiently explicit clearly to manifest that intention; and in the absence of such language we think it should also be held that it was not the intention to confer authority to make an arbitrary and unreasonable law. It occurs to us that it is upon this principle that the courts proceed when they hold, as is generally held, that the ordinance of a municipal corporation must be reasonable. We are therefore of opinion that it was not the intention of the Legislature to confer power upon the city council of the city of Austin either to prohibit the burial of the dead within the limits of the city, or to unreasonably restrict the right of its citizens to provide places for that purpose within such limits. In a case like this, whether the ordinance be reasonable or not must depend upon the circumstances of the particular restriction as affecting the people who are to be subjected to its control. When the facts are determined, we think the question of the reasonableness of the ordinance is one of law which must be decided by the court.

4. The ordinance in question is not void upon its face; nor can we say that it can be declared void, in view of the meager statement of facts submitted with the question. The presumption is that the ordinance is valid. The mere fact that but three cemeteries are designated in which dead bodies of people can be buried, and the further fact that the city limits north of the river embrace about 4500 acres of land, do not of themselves show an unreasonable restriction upon the right of burial. There may be ample facilities conveniently accessible south of the river. We do not know judicially whether the river is fordable or not, or whether or not it is spanned by bridges. Nor can we say that there are not convenient localities outside of the city limits which may be made available for cemetery purposes. If the ordinance be reasonable, it does not deprive appellee of its property without due process of law.

5. In reply to the last question, we have to say that when an ordinance like the one in question is attacked upon the ground that it is unreasonable and therefore void, it is incumbent upon the party who alleges its invalidity to aver and prove the facts which made it so. If the facts be controverted they must be determined by the jury. Clason v. Milwaukee, 30 Wis., 316. But whether the facts relied upon show the ordinance to be unreasonable or not is a question for the court.

Delivered December 3, 1894.