**TOWNSEND et al. v. McDONALD et al.**

**No. 11016.**

Court of Civil Appeals of Texas.
San Antonio.

March 19, 1941.

Rehearing Denied April 16, 1941.

Oxford & Oxford, of Edinburg, for appellants.

Gerald C. Mann, George W. Barcus, Zollie C. Steakley, and Ocie Speer, all of Austin, and Hill, Greer & Franki, of Mission, for appellees.

NORVELL, Justice.

This is an appeal from an order refusing a temporary injunction. Appellants, Charles A. Townsend and others, sought to enjoin J. E. McDonald, State Commissioner of Agriculture, and others, including the Criminal District Attorneys of Bexar and Hidalgo Counties, from prosecuting plaintiffs and their customers for failure to have citrus fruits inspected as required by House Bill No. 623, Regular Session, 43rd Legislature (Article 118a, Vernon's Ann.Civ.Sts., and Article 719b, Vernon's Ann.Penal Code), and for violating rules promulgated by the Commissioner, as authorized by the aforesaid act.

Appellants, as growers and shippers of citrus fruits, challenge the constitutionality of the act involved and assert the invalidity of the rules and regulations promulgated by the Commissioner of Agriculture.

█ The general rule in Texas is that "prosecutions for violations of penal statutes and ordinances are not enjoinable, even though the ordinance or statute be void." 24 Tex.Jur. 66, § 46. Appellants seek to predicate their suit upon an exception to the general rule, which is recognized in City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, 47 Am.St.Rep. 114. They contend that the enforcement of the act in question and the rules and regulations thereunder interfere with their property rights and the issuance of a temporary injunction is necessary to prevent irreparable injury.

The hearing below was upon bill and answer, supplemented by evidence, the greater part of which was in the form of a stipulation.

Appellees' answer specially denied under oath that "they have instituted criminal proceedings, or are threatening to institute criminal proceedings against plaintiffs and their customers for the purpose of harassing them, or for the purpose of placing upon them a useless and expensive burden in the disposition of their fruit."

█ The answer therefore placed the question of interference with the property rights of appellants in issue. The evidence showed that a complaint against appellant Charles A. Townsend was pending in Bexar County, Texas, in which he was charged with a violation of the act here involved; that a complaint against Jesse Black, one of appellants, had been filed and dismissed, and that three complaints under the act had been filed against persons not parties to this suit. It further appears that the Commissioner of Agriculture had announced that he would prosecute violations of the act and regulations thereunder. This was all the evidence pertinent to the issue raised by the pleadings as above stated. It seems obvious to us that this case is governed by the general rule above stated rather than the exception thereto.

It has also been held that in Texas the equity courts should act with the greatest caution in restraining prosecutions under penal statutes alleged to be invalid, prior to a declaration of the invalidity of the act involved by the Court of Criminal Appeals. Lossing v. Hughes, Tex.Civ.App., 244 S.W. 556. Certainly this Court would not be authorized to reverse the judgment of the trial court and issue the temporary injunction prayed for because of the pendency of one criminal prosecution against one of the appellants, and the statement of intention or departmental policy made by the Commissioner of Agriculture. The trial court in our opinion not only did not abuse its discretion, but entered the only order which would have been authorized under the facts and circumstances of this case. The order appealed from is affirmed.