The STATE of Texas et al., Relators,

v.

Bill LOGUE, Judge, 19th District Court, Respondent.

No. A–9900.

Supreme Court of Texas.

March 11, 1964.

Waggoner Carr, Atty. Gen., Austin, Norman v. Suarez, Asst. Atty. Gen., for relators.

John W. Fulbright, Waco, for respondent.

HAMILTON, Justice.

The State of Texas, the Public Safety Commission of Texas, of which Commission C. T. McLaughlin, W. E. Dyche, Jr., and Jake Jacobsen are the Commissioners, and Homer Garrison, Jr., Director of the Texas Department of Public Safety, as relators seek a writ of mandamus to compel the Honorable Bill Logue, Judge of the District Court for the 19th Judicial District of McLennan County, Texas, to dissolve the temporary injunction granted by him on December 6, 1963, in Cause No. 49,138 pending on the docket of the District Court of McLennan County, Texas, and a writ of prohibition directed to Bill Logue as Judge to prohibit him from entering any order adjudging or attempting to adjudge any of the relators in contempt of said District Court by reason of such temporary injunction or any alleged disobedience thereof.

H. V. Williamson and Young Bros., Inc., brought suit in the 19th District Court for injunctive relief against the Department of Public Safety and Homer Garrison, Jr., Director of said Department. The plaintiffs alleged that Young Bros., Inc., is in the business of manufacturing asphalt pavement materials and, as a necessary incident thereto, has occasion to transport and haul said asphalt materials to various construction sites in the Central Texas area; that H. V. Williamson is the owner of a truck used in the transporting of materials used in conjunction with the construction of asphalt highways and at the present time has his truck under lease to Young Bros., Inc., for the transportation of such materials; that the Department of Public Safety has notified plaintiffs that on November 5, 1963, it intends to initiate action against plaintiffs for the transportation of such materials in violation of Senate Bill 451, Acts 58th Legislature, Chapter 502, page 1316, amending Article 911b, Vernon's Civil Statutes; that there are presently in existence leases between H. V. Williamson and Young Bros., Inc., under which motor vehicles have been leased to Young Bros. for the transportation of asphalt paving materials to construction sites in the Central Texas area for use by various contractors and governmental agencies and subdivisions; that there are contracts with said contractors and governmental agencies and subdivisions under the terms of which Young Bros., Inc., is required and obligated to furnish and transport the paving materials to the construction sites.

The plaintiffs further alleged that Art. 911b as amended in 1963 is unconstitutional in that it deprives plaintiffs of property rights without due process of law, is an unlawful and unwarranted interference with the right to contract, is an unlawful and un-

warranted interference with the free enterprise system of business operation, and is vague and ambiguous with respect to the persons to whom it is to apply and is impossible of fair application; that because of the contracts between Young Bros., Inc., and the contractors and governmental agencies and subdivisions, and because of the leases between Young Bros., Inc., and the individual truck owners, immediate and irreparable injury, loss and damage will result to plaintiffs unless the defendants are restrained; and that there is no adequate remedy at law.

The Texas Department of Public Safety filed a plea in abatement and to the jurisdiction on the grounds that such was a suit against the State without first obtaining permission of the Legislature and that plaintiffs were seeking to enjoin criminal proceedings for which they had an adequate remedy at law by raising any defenses in such criminal proceeding, since no injury to vested property rights was involved.

The District Court granted the temporary injunction, thereby enjoining the Department of Public Safety and Homer Garrison, Jr., as Director, from enforcing or attempting to enforce the provisions of 911b as amended by the 58th Legislature and from taking any other action which would in any way interfere with or impair the long-standing business relations and agreements between Young Bros., Inc., and individual truck operators with reference to the transportation of asphalt paving materials.

The applicable 1963 amendment to Art. 911b, Sec. 1, provides as follows:

"(j) The term transporting property for compensation or hire shall include the furnishing during the same period of time of equipment and drivers to persons, firms, copartnerships, associations or joint-stock associations other than common carriers, contract carriers, or specialized motor carriers for use in their carrier operations, whether the equipment and drivers are furnished by the same or separate person, firm, co-partnership, association or joint-stock association, and their lessees, receivers or trustees appointed by any court whatsoever owning, controlling, managing, operating or causing to be operated any motor-propelled vehicle."

If the operation involved in this case falls within this statutory definition, the operation of the truck would fall within the Motor Carrier Act (Art. 911b), thereby necessitating the obtaining of a permit for the truck used in such operations. If the truck is operated without such a permit, there is a violation of the provisions of the act, a misdemeanor under Art. 1690b, Vernon's Penal Code. Hence, what the injunction effectuates is the enjoining of the enforcement of the criminal law.

■ The general rule is that equity will not enjoin enforcement of the criminal law. Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (1932); City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528 (1894). However, there is an exception to the effect that when the criminal statute is unconstitutional, or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in an irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law. Ex parte Sterling, supra; Crouch v. Craik, Tex., 369 S.W.2d 311 (1963). If either one of the requirements of equitable relief in this type of situation —void law and irreparable injury to property rights—is lacking, the courts of equity have no jurisdiction to entertain such suit. Because of the dual system of courts in this State—civil and criminal—this court will not pass on constitutionality of a criminal statute unless the requirement of irreparable injury of property rights is involved. See Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217, 219 (1943).

The species of property right entitled to protection of equity is sometimes difficult

to define. Some cases speak of property rights in general, while other cases make reference to protection of *vested* property rights from irreparable injury. Ex parte Sterling, supra.

The rule that equity will not enjoin criminal proceedings unless such law is unconstitutional or void and will result in irreparable injury to property rights is merely a restatement of the more general principles of equity. As stated in 30 C.J.S. Equity § 20:

> "As a broad general rule, equity may be stated to have jurisdiction in cases of rights recognized and protected by the municipal jurisprudence where adequate legal remedies cannot be had; and, conversely, equity will not take jurisdiction where there is an adequate remedy at law, unless special jurisdiction has been conferred by statute."

One of the reasons that the courts of equity arose in England was the inadequacy of legal remedies. It is the adequacy of the remedy at law that marks off the limitations as well as the jurisdiction of equitable relief. If there is an adequate remedy at law by setting up the defense of unconstitutionality of the statute in question in a criminal proceeding, then the trial court had no jurisdiction to enjoin such criminal proceedings and relators are entitled to have writs of mandamus and prohibition issue. However, if by the very enforcement of the criminal law, the plaintiffs in the trial court will suffer irreparable injury to their property rights, then, if such statute is void, the trial court was justified in enjoining such enforcement.

■ The question to be resolved is whether plaintiffs in the trial court had such a property right in their operations that would be irreparably damaged by relators proceeding to enforce the provisions of the statutes in question. Unless respondents Williamson and Young Bros., Inc., had such a property right, this court will not undertake to write on the constitutional question. We hold that they did not have such a property right threatened with irreparable injury entitling them to the equitable relief of injunction.

Several instances of the courts enjoining the enforcement of criminal ordinances or statutes are found in City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528 (1894); Neal v. Boog-Scott, 247 S.W. 689 (Tex.Civ.App.1923, no writ history); Bielecki v. City of Port Arthur, 12 S.W.2d 976 (Tex.Com.App., 1929); Adams v. Antonio, 88 S.W.2d 503 (Tex.Civ.App.1935, error ref.).

City of Austin v. Austin City Cemetery Association was rested on the premise that unless the courts of equity took cognizance of the cemetery's rights, there would be no way to ever test the constitutionality of the ordinance. The ordinance in that case prohibited the use of property in a certain area for burial purposes and made it a crime for a cemetery association as well as individuals to cause a dead body to be so buried except in certain localities. In an opinion written by Chief Justice Gaines, the Supreme Court stated:

> " * * * A criminal prosecution is unpleasant to all people who have due respect for the law, and almost necessarily involves inconvenience and expense. As long as the ordinance remains undisturbed, it acts in terrorem, and practically accomplishes a prohibition against the burial of the dead within the limits of the city of Austin, save in the excepted localities. Under these conditions, who would venture to bury, or be concerned in burying, a dead body in appellee's ground, or who would purchase a lot in its cemetery? Suppose a city, not having the power under its charter to do so, should pass an ordinance prohibiting the sale of butchers' meat in a certain locality, and suppose it should also prohibit any one from selling meat to be there sold, or from buying in the prohibited place. The ordinance would be void;

but could any one say that the business of a market man in the locality might not be effectually destroyed by it? Under such circumstances, we are of opinion that he should have the right to proceed against the corporation to enjoin its enforcement. If a penalty was denounced against no one but the market man who should sell, it would seem that his remedy would be to proceed with his business, and defeat any prosecution that should be brought against him for the infraction of the void ordinance. But to deny a remedy in a court of equity in the case first supposed, or in the present case, analogous to it, would be, we think, to disregard the fundamental principle upon which such courts are established."

There was no adequate remedy for the cemetery association in that situation for its business could be destroyed by the very existence of the ordinance without the association being able to contest the ordinance in a defense to a criminal prosecution.

In Neal v. Boog-Scott, an injunction was granted to restrain the dipping of cattle and the assessing of criminal penalties for refusing under the Tick Eradication Act. It was alleged that the dip was poisonous and would injure the cattle. Against a demurrer, the court upheld the pleadings because the enforcement of the statute would do irreparable harm to him by impairing his cattle for which he would get no compensation.

Bielecki v. City of Port Arthur involved a statute declaring dance halls within 150 feet of a private residence to be a nuisance per se and provided for summary destruction if the nuisance continued to exist after arrest of the owner of such dance hall. Hence, injunction was granted to prevent such occurrence, the court having also held the ordinance to be invalid.

In Adams v. Antonio, an ordinance provided that it was illegal to operate gaming tables. An owner of pinball machines was arrested for operation of such machines. The court held that the owner, while not entitled to enjoin arrest and prosecution, was entitled to enjoin destruction of his machines and the taking of money therefrom by police officers who gave such money to charity.

The facts of this case do not fall within the principles of the above cases. Respondents will have ample opportunity to test the constitutionality of the 1963 amendment to Article 911b by setting such up as a defense in a criminal prosecution thereunder. Respondents are in no way threatened with irreparable injury to any property right which they may have.

In Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294, operators of trucks brought suit to enjoin law enforcement agencies from enforcing a statute limiting the weight of trucks used on the highways because the operators could not earn enough profits to justify such operations if limited to such weight limitations. The trial court granted the injunction. The enjoined law enforcement agencies ignored the injunction and were found in contempt and arrested. The Supreme Court, in an original habeas corpus proceeding, ordered the prisoners discharged on the ground that the injunction issued by the trial court was void. In making such holding, the court stated:

"We are further of the opinion that the petition upon which the injunction was issued shows upon its face that no vested property right of the complainants would be affected by the enforcement of this act. The complainants in the proceeding in which the injunctions were issued are not making, in common with the general public, the ordinary use of the highways, but an extraordinary one for the purpose of carrying on a business for profit. That they have no vested right to so use such highways is beyond question. Public highways and streets are constructed and maintained at the public expense. No person, therefore, can insist that he

has, or may acquire, a vested right to use such streets and highways in carrying on a commercial business. * * * "

Keeping in mind that the requirement of property rights being affected is related to adequacy of remedy at law (by setting up the unconstitutionality of the statute in a defense to criminal proceedings), what property rights do respondents Young Bros. and H. W. Williamson seek to protect?

The rights asserted by respondent Young Bros. is its business of manufacturing, selling and delivering to the job site highway paving materials. Enforcement of Section 1(j) of Article 911b against Williamson in the operation of his truck will not cause irreparable injury to the business of Young Bros., although its method of shipment may be changed. Young Bros. can still ship its products over the highways by any certificated carrier licensed by the Texas Railroad Commission, by using trucks and equipment which it owns or by using vehicles which it leases, so long as the driver is one of its regular employees and not furnished by some other party. The fact that Young Bros. has entered into leases with Williamson which might be affected if the statute is upheld does not entitle Young Bros. to injunctive relief, for, as said in Sproles v. Binford, 286 U.S. 374, 390, 52 S.Ct. 581, 586, 76 L.Ed. 1167: "Contracts which relate to the use of the highways must be deemed to have been made in contemplation of the regulatory authority of the state." Young Bros. can still allow Williamson to transport the paving materials, and if criminal proceedings are initiated, there will be ample opportunity to question the validity of the statute.

Respondent Williamson is the owner of the truck in question and asserts his rights in the use of his truck. Williamson will be able to test the constitutionality of Article 911b by proceeding to use his truck in the desired manner and defending against any criminal proceeding brought against him for such use of his truck. There is

nothing in the law which will result in any irreparable injury to his truck or his business. The mere fact that Williamson's use of his truck will be interfered with by an arrest and prosecution for failure to have a permit from the Railroad Commission will not entitle Williamson to an injunction.

"* * * [T]he threatened injury to property rights must be one which naturally and necessarily follows the threatened enforcement of the law, and not a loss arising merely from the arrest and prosecution of the party threatened." State ex rel. Munro v. Superior Court, 35 Wash.2d 217, 212 P.2d 493, 496 (1949).

There being no threat of irreparable injury such that respondents would have no adequate remedy at law, the writ of mandamus and prohibition is granted, but will actually issue only in the event of the failure of the respondent, Judge Logue, to take action in accordance with this opinion.