**CITY OF RICHARDSON, Appellant,**

v.

**David KAPLAN, Appellee.**

**No. 4265.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 18, 1968.

Rehearing Denied Nov. 8, 1968.

Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Dallas, for appellant.

Hoppenstein & Prager, J. Manuel Hoppenstein, Dallas, for appellee.

WALTER, Justice.

This is a temporary injunction case. David Kaplan filed suit against the City of Richardson seeking to declare unconstitutional an ordinance making it unlawful to sell or give away baby chicks, ducklings or other fowl or rabbits as pets or novelties. The ordinance did not prohibit the sale by stores engaged in the business of selling them to be raised for commercial purposes. Kaplan was granted a temporary injunction and the City has appealed.

The Supreme Court in Ford v. Aetna Insurance Company et al., 424 S.W.2d 612 at page 616 said:

"In a hearing on an application for a temporary injunction, the only question before the trial court is the right of the

applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. Transport Company of Texas v. Robertson Transports, Inc., 152·Tex. 551, 261 S.W.2d 549 (1953)."

In Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union et al., 151 Tex. 239, 248 S.W.2d 460, (Sup.Ct., 1952), at page 462, the court said:

"The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion."

The court heard the testimony of the Mayor, Chief of Police and a patrolman for the City and the appellee and one of his employees and the Public Health Engineer for the Dallas City Health Department. The court concluded that the law and the facts were with the appellee and held that the ordinance was invalid and unconstitutional.

We find that appellee's petition alleges a cause of action and evidence tending to sustain such cause of action was introduced. We find that appellant has not discharged its burden of establishing that the trial court abused its discretion.

Appellant cites State of Texas et al. v. Logue, 376 S.W.2d 567, (Sup.Ct., 1964), for the proposition that a court of equity does not have jurisdiction to pass on the constitutionality of a criminal statute unless requirements of irreparable injury to property rights is involved. The court in Logue said:

"The general rule is that equity will not enjoin enforcement of the criminal law. Ex parte Sterling, 122 Tex. 108, 53 S.W. 2d 294 (1932); City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, (1894). However, there is an exception to the effect that when the criminal statute is unconstitutional, or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in an irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law."

Appellee had been selling chickens and rabbits at his drug store in Richardson for nine years and had an investment of approximately $1,000.00 in this department of his store. Appellee had been charged with violating the ordinance and the Chief of Police would have continued to file complaints against him if the court had not issued a restraining order. We hold the record contains evidence of irreparable injury to appellee's property rights. Smith et al. v. Decker, 158 Tex. 416, 312 S.W.2d 632, (Sup.Ct., 1958).

The court made a finding in its judgment, " * * * the court is of the opinion that the law and the facts are with the Plaintiff, that Ordinance No. 515–A of the City of Richardson is invalid and unconstitutional, * * *" We are of the opinion that the quoted portion of the judgment sets forth sufficient reasons for granting the temporary injunction, as required by Rule 683, Texas Rules of Civil Procedure.

The appellant's point that the court erred in holding the ordinance unconstitutional and its no-evidence points have been considered and are overruled. We have considered all of appellant's points and find no merit in them.

The judgment is affirmed.