**VINCENT'S CONTINENTAL RESTAURANT, INC., Appellant,**

v.

**CITY OF DALLAS et al., Appellees.**

No. 4562.

Court of Civil Appeals of Texas, Eastland.

June 23, 1972.

Norman A. Zable, Roy J. True, Dallas, for appellant.

Ted P. MacMaster, Dallas, for appellees.

WALTER, Justice.

Vincent's Continental Restaurant, Inc., hereinafter referred to as Corporation, has appealed from an order denying it a temporary injunction against the City of Dallas wherein it sought to have Section 3 of Ordinance No. 7469 declared unconstitutional. The ordinance provides that if any person violates the ordinance, he is guilty of a misdemeanor.

The appellant purchased "Vick's Continental Restaurant" in 1970. The Corporation changed the projecting sign which read "Vick's Continental Restaurant" to "Vincent's Continental Restaurant". The appellant was charged with three violations under the ordinance. The appellant was found not guilty on the first charge. The final charge against the Corporation was for violation of Section 3 of said ordinance. Sections 3 and 4 of the said ordinance are as follows:

"SECTION 3. That the name on any sign, including the name of a person, brand of merchandise or business concern, erected or suspended prior to the effective date of this ordinance on, across or about the streets and their abutting sidewalks enumerated in Section 1 of this ordinance shall not be changed subsequent to the effective date of this ordinance unless it can be made to conform with the provisions of Section 4 of this ordinance.

SECTION 4. Nothing in the provisions of this ordinance shall be deemed to prohibit the erection or maintenance of wall signs, as defined in the Building Code of the City of Dallas, provided such wall signs do not project or extend more than eighteen (18) inches from the wall surface over any part of the streets and abutting sidewalks enumerated in Section 1 of this ordinance, and providing they conform to the applicable provisions of the Building Code of the City of Dallas."

The Corporation contended that Section 3 was discriminatory against it as a member of a class, unreasonable in its operation, vague and indefinite and violative of due process and equal protection under the Federal and Texas Constitutions.

In its first points the Corporation contends the court erred in refusing to admit evidence regarding the administration and interpretation of the ordinance by the officers charged with the responsibility of enforcing it. In support of its allegations that Section 3 was unconstitutional and that its enforcement was not uniform and was discriminatory against it, the Corporation called Mr. Good, an assistant building official with the City, and sought to elicit testimony from him regarding the purpose and manner of its enforcement by the City. The court refused to admit such testimony.

The appellant says: "It was, therefore, Appellant's position before the Trial Court and it is the Appellant's position before this Court that examination of this witness and other witnesses which Appellant might wish to examine on the area of carrying out the purpose and interpretation of the purpose of Section 3 of the ordinance was entirely proper and that exclusion of such examination was erroneous and constituted fundamental error."

The City contends that the enforcement of the ordinance will not result in unreasonable restrictions on property rights because it was the purpose of the City to eliminate all signs extending over public sidewalks for a distance of more than eighteen (18) inches and that the ordinance contains a valid classification regulating signs in the commercial business district. The City further contends that the court does not possess the power to enjoin the enforcement of this criminal ordinance because it has not been shown that such enforcement would result in irreparable injury to vested property rights.

The proffered testimony of the witness Good and "other witnesses which appellant might wish to examine" cannot be considered on appeal as the record does not show what the witnesses' testimony would have been. Such testimony does not appear in the Statement of Facts or by Bill of Exception, therefore nothing is presented for review. 3 Tex.Jur.2d 670.

In the City of Richardson v. Kaplan, 438 S.W.2d 366 (Tex.1969) the Court said:

" . . . a court of equity has no jurisdiction to enjoin the enforcement of a penal ordinance or statute in the absence of proof that such enforcement would result in irreparable injury to vested property rights. See City of Fort Worth v. Craik, 411 S.W.2d 541 (Tex.1967); State v. Logue, 376 S.W.2d 567 (Tex. 1964); Crouch v. Craik, 369 S.W.2d 311

(Tex. 1963); Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (1932); City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528 (1894)."

We hold that the Corporation has not discharged the burden placed upon it in City of Richardson v. Kaplan, supra. We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.