**AIR CURTAIN DESTRUCTOR
CORPORATION, Appellant,**

v.

**CITY OF AUSTIN, Texas, Appellee.**

**No. 12–83–0108–CV.**

Court of Appeals of Texas,
Tyler.

Aug. 23, 1984.
Rehearing Denied Sept. 13, 1984.

Skip Newsom, Booth, Lloyd & Simmons, Austin, for appellant.

Joan E. Dubinsky, Asst. City Atty., Austin, for appellee.

COLLEY, Justice.

Plaintiff/appellant Air Curtain Destructor Corporation filed suit for a declaratory judgment to void a penal ordinance which prohibited the construction, operation and use of its trench burners within the corporate limits of the City of Austin, or within 5000 feet thereof, and declared trench burners a public nuisance. Air Curtain also sought a permanent injunction against the enforcement of such ordinance. The trial court entered a take-nothing judgment against Air Curtain. We reverse and render judgment granting the relief sought.

The facts material to our disposition are largely undisputed. By stipulation of the parties and the uncontradicted evidence produced at trial, the following facts are established: Air Curtain manufactures, sells and operates equipment known as a trench burner. It is a combustion device designed primarily for use in on-site disposal by burning of debris (brush, trees and tree stumps) produced by land clearing and subdivision developments, and burning such materials on site in sanitary landfills and solid waste disposal operations by municipalities and others. The trench burner achieves rapid combustion of the named materials. Typically, a 40 foot long, 14 foot wide, and 12 to 14 foot deep trench is dug at the burning site. The combustible materials are loaded into the trench, diesel fuel is applied thereto, and the materials are ignited. The burner itself consists of a tube and a manifold approximately 35 feet in length into which air is propelled by a blower capable of producing air velocities as high as 150 miles per hour. The device is laid alongside the trench and air is blown both in and over the trench at increasing velocities until the material is subjected to temperatures in excess of 2,000 degrees Fahrenheit. The air action creates a "curtain" over the trench and thereby reduces the escape of smoke, fly ash and other particulates from the burning materials. As the materials are reduced to ash, additional materials are added for destruction. The device eliminates known hazards of unauthorized and unsupervised open-ground burning of materials in land clearing operations and subdivision developments. Expert opinions of Dr. Albert Randall, Director of the City of Austin/Travis County Health Department and supervisor of the county environmental health staff; Ed Kirkham, City Fire Chief; and Dr. Maureen McReynolds, Director of the Office of Environmental Resource Management for the City of Austin, were to the effect that no health or fire hazards were associated with properly constructed, maintained and supervised trench burning operations and that trench burners could be operated safely when various conditions affecting their use were met. Air Curtain, at a time prior to the adoption of the ordinance, had an oral agreement with the firm of Nash-Phil-

lips-Copus in Austin to burn debris at four separate locations within the geographical area covered by the ordinance and had some five to seven prospective sales for the trench burners at the time of the enactment of the ordinance. W.C. Hood, General Manager of Air Curtain, testified that Nash-Phillips-Copus refused to go through with its agreement because of the enactment of the questioned ordinance.

The trial court at Air Curtain's request made and filed findings of fact and conclusions of law. Included were findings that Air Curtain had no on-going business within the city limits of Austin, Texas, which was destroyed, limited or impaired by the ordinance; that the ordinance was a reasonable exercise by the City of its police powers; and that the construction, operation and use of a trench burner within the corporate limits of the City would "... adversely affect the public health, safety, morals and welfare of the community." The trial court also concluded that the use of a trench burner within the city limits or within 5,000 feet thereof "... constitutes a nuisance in fact."

On February 21, 1980, the Austin City Council enacted Ordinance No. 80–0221–F amending Section 13–10 of the Austin City Code of 1967 by adding subsection (e) which reads:

> *Trench burners.* The construction, operation and use of a trench burner within the corporate limits of the City or within 5,000 feet of the City limits for the purposes of igniting, burning or disposing of any combustible materials or waste materials is declared to be a public nuisance and is hereby prohibited. The City Attorney may file suit to obtain such orders of process as are necessary to abate such nuisance. For the purposes of this provision, a trench burner is defined as any open air combustion unit wherein waste or combustible material is placed into a trench or earthen pit, and ignited, burned and intensified by the introduction of air from a forced air blower or fan.

Air Curtain, by its points of error 1 and 4, asserts that the ordinance is void because it declares a trench burner a public nuisance when it is not so in fact.

■ The ordinance under attack does not attempt to regulate the use and operation of trench burners, but declares it to be a public nuisance and prohibits its construction, operation or use within the corporate limits of the City or within 5,000 feet therefrom. The ordinance is penal in character. The code of ordinances of the City provides a fine of not more than $200 for each day that a trench burner is being constructed, used or operated. As is seen, the ordinance treats trench burners as a nuisance per se.

■ Before we address the merits of this case we must necessarily consider whether the validity of the ordinance may be tested in this action. Generally, courts of equity will not enjoin prosecution under a penal ordinance. *State v. Logue,* 376 S.W.2d 567, 569 (Tex.1964); *Kemp Hotel Operating Co. v. City of Wichita Falls,* 141 Tex. 90, 170 S.W.2d 217, 219 (Tex. Comm'n App.1943, opinion adopted). However, an exception to that rule is firmly in place, i.e., "... that when the criminal statute is unconstitutional or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law." *State v. Logue, supra; City of Austin v. Austin City Cemetery Association,* 87 Tex. 330, 28 S.W. 528 (1894). The reasoning in support of this principle of equity is that under circumstances where it is highly unlikely that the validity of the ordinance in question would ever be tested in a criminal prosecution under the ordinance, then equity must intervene to prevent the irreparable damages, if any, which would otherwise be sustained by one without a remedy. Said another way, if one who claims a penal ordinance is void, can, by committing an act in violation of the ordinance, and then defend the prosecution thereunder by asserting the invalidity of

the ordinance, courts of equity will not intervene but will leave the validity of the ordinance to be determined by the criminal courts. Before equity will intervene, the facts must show that the party assailing the ordinance has property rights involved which would be irreparably injured if equity did not intervene and that the ordinance is void. *State v. Logue, supra.* From our analysis of the facts here, we have concluded that this case falls within the reach of *City of Austin v. Austin City Cemetery Association, supra.* The ordinance decrees that one who constructs, operates or uses a trench burner is subject to the penalties thereof. The evidence shows that Air Curtain manufactures and sells its trench burners as well as operates the same under contracts with subdivision developers and municipalities. We take judicial notice of City's charter, and of facts well known to reasonably intelligent people, that municipalities regulate the location and development of commercial and residential subdivisions within their jurisdictions. Thus under the record here, we echo, in paraphrase, the language of Chief Justice Gaines as set forth in *City of Austin v. Austin City Cemetery Association, supra:* A criminal prosecution is unpleasant to all law-abiding citizens. As long as the ordinance is in effect under the facts here, who would venture to contract for, buy, construct or use a trench burner in the City of Austin or within 5,000 feet of its corporate limits? Certainly, no real estate developer requiring approval of the City's governing body for development of his subdivision would dare to flaunt the ordinance by purchasing, installing, using or constructing a trench burner at the site of his subdivision, thereby running the risk of a criminal prosecution, or at least incurring the displeasure of those who sit in judgment on the merits of his present and future subdivision developments. The plain language of the ordinance denounces "the use" of the trench burner as well as the construction and operation thereof. It appears that the circumstances here presented render it highly unlikely that the ordinance could ever be tested by Air Curtain by proceeding to sell, use or operate a trench burner in violation of the ordinance. Thus, if Air Curtain under this record will suffer irreparable injury to its property rights by the continuing enforcement of the ordinance, it is entitled to the injunctive relief sought if the ordinance is void. We conclude that Air Curtain does have valuable vested property rights to manufacture, sell and operate the trench burners in the prohibited area, which rights will be irreparably damaged by the continued enforcement of the ordinance.

We next consider the validity of the questioned ordinance. In this regard, it should be understood that we are confronted with an ordinance which defines a trench burner and denounces it to be a public nuisance per se, and provides criminal penalties against any person who constructs, operates or uses such device within the area of the City's jurisdiction. In this cause the City does not seek judgment declaring the trench burner to be a nuisance per accidens and enjoining its construction, operation or use, but in a purely defensive posture, claims the ordinance to constitute a valid and constitutional exercise of its police powers.

█ We conclude, based on the record before us, that a trench burner is not a public nuisance by reason of its inherent nature, that is, it is not a nuisance per se,[1] nor has it been denounced as such by any statute of this state or by the common law rules of decision of the state. Since it is not a nuisance per se, the ordinance under attack, which arbitrarily, finally and in advance, declares it so to be, must fall. *Crossman v. City of Galveston,* 112 Tex. 303, 247 S.W. 810 (1923); *City of Texar-*

---

1. "A nuisance per se, that is, a nuisance at law, is one not permissible under any conditions, since the thing ... constituting the nuisance is within itself an outlaw lurking beyond the boundaries of legal sanction, and it is a nuisance at all times, and under all circumstances regardless of location or surroundings." 6 E. McQuillin, *Law of Municipal Corporations,* at p. 549 § 24.59 (3rd ed. 1980).

*kana v. Reagan,* 112 Tex. 317, 247 S.W. 816 (1923); *Bielecki v. City of Port Arthur,* 12 S.W.2d 976 (Tex.Comm'n App. 1929, judg. adopted).

We are not called upon in this appeal to decide whether a trench burner could become a public nuisance in fact, by reason of the mode and manner of its use, or its location or situs. Our decision here is without prejudice to the rights of the City under its charter, acting pursuant to statutory authority, and under the common law, to seek by proper allegation and proof, in a judicial proceeding, abatement as a public nuisance of the deployment of the trench burner within its jurisdictional limits where by reason of the mode or manner of the use of the trench burner or its situs, such device becomes a nuisance in fact. *Crossman v. City of Galveston, supra; City of Texarkana v. Reagan, supra; Bielecki v. City of Port Arthur, supra.*

Air Curtain's points of error 1 and 4 are sustained and the judgment below is reversed; judgment is here rendered declaring the ordinance void and ordering that a permanent injunction shall issue enjoining the City of Austin, its officers, agents, servants and employees from enforcing said ordinance against Air Curtain Destructor Corporation.