**The CITY OF HOUSTON and Lee P. Brown in his official capacity as Chief of Police of the City of Houston, Texas, Appellant,**

v.

**MEF ENTERPRISES, INC., d/b/a Chic Lounge, Appellee.**

No. A14–87–040–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 2, 1987.

Rehearing Denied April 30, 1987.

Jerry Smith, Gilbert D. Douglas, Houston, for appellant.

Robert J. Collins, Thano Dameris, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a temporary injunction order enjoining the enforcement of several sections of the City of Houston Ordinance regulating sexually oriented businesses. We hold the trial court was without jurisdiction to issue the injunction and reverse.

On March 5, 1986, the City Council of the City of Houston passed Ordinance No. 86–323 regulating sexually oriented businesses. While the ordinance is quite long and detailed, it is sufficient to note the following provisions: It requires owners or operators of sexually oriented businesses to obtain permits from the City of Houston in order to either commence or continue their operations. It regulates the location, signage and exterior painting of the buildings. All existing non-conforming enterprises could remain in business, even if their permit application was denied, until November 30, 1986. The ordinance further provided that an owner of an existing non-conforming business could apply for, and be granted, an extension to operate after November 30, 1986, if he demonstrated that the extension was necessary for the recoupment of the investment in the business. Operation of a sexually oriented business without a

permit was declared to be a class B misdemeanor.

It is undisputed that appellee's business was in operation on March 5, 1986. Unless appellee either conformed to the ordinance, or was granted an extension, it could not operate after November 30, 1986, without being subjected to the criminal penalty provided. Because its permit application was denied appellee filed for an extension of the amortization period, contending it could not recoup its investment until 1997. In accordance with the ordinance, a hearing on the extension was held and the extension was denied. Appellee then appealed to the Houston City Council and again the extension was rejected.

While the appeal to city council was pending appellee filed suit in the district court. In neither its original petition for injunction, nor its amended petition did appellee attack the constitutionality of the ordinance in question.[1] Appellee sought to invoke the jurisdiction of the trial court to issue an injunction by alleging:

> Plaintiffs, MEF ENTERPRISES, INC. d/b/a CHIC LOUNGE ..., would show that, but for the intervention of this Honorable Court, in the form of a Temporary Restraining Order, restraining and enjoining the Defendants from the enforcement of Houston City Ordinance No. 86–323, as to such Plaintiffs, pending hearing of this action by the State District Court, that Defendants will commence to implement the provisions of the Ordinance, to-wit: taking criminal action against the Plaintiffs after the present agreed Temporary Restraining Order expires at 5:00 p.m., December 17, 1986 causing them immediate and irreparable harm, loss and damage, including but not limited to immediate criminal prosecution and loss of revenues in excess of $1,000.00 per day, for which they have no adequate remedy at law.

■ In its first point of error appellant contends the trial court lacked jurisdiction to grant a temporary injunction enjoining the enforcement of a penal ordinance because the ordinance was constitutional and did not cause irreparable injury to a vested property right. Appellee, however, contends appellant has waived its right to contest jurisdiction because it was not raised in the trial court. Appellee's assertion is both factually and legally incorrect. The record clearly shows that appellant challenged the jurisdiction of the court to enjoin the enforcement of the ordinance. Further, where as here, the record shows on its face that the court lacked jurisdiction, the error is fundamental and may be raised for the first time on appeal. *Cox v. Johnson*, 638 S.W.2d 867 (Tex.1982).

■ It is well settled that a court of equity may not enjoin the enforcement of a penal ordinance unless: (1) the ordinance is unconstitutional, or otherwise void, and (2) the enforcement of the ordinance causes irreparable injury to vested property rights. *City of Richardson v. Kaplan*, 438 S.W.2d 366 (Tex.1969). If either one of the requirements is lacking, a court of equity has no jurisdiction to entertain such suit. *State v. Logue*, 376 S.W.2d 567 (Tex.1964). Here, the trial court did not find the ordinance unconstitutional or otherwise void. Thus, the first requirement for a court of equity to enjoin the enforcement of the penal ordinance is lacking and for this reason alone, the trial court was without jurisdiction to issue the injunction. *Id.* at 569.

In addition, we find that the second requirement, irreparable injury to a vested property right, has not been satisfied. Under this requirement a movant must prove both invasion of a vested property right and no adequate remedy at law. *Id.* at 570. The record is void of any evidence indicating what vested property right appellee asserts is being invaded. Certainly, appellee does not have a constitutionally protected vested right to operate a sexually oriented business. *City of University Park v. Benners*, 485 S.W.2d 773 (Tex.1972), *appeal dismissed*, 411 U.S. 901, 93 S.Ct. 1530, 36 L.Ed.2d 191 (1973), *reh'g denied*, 411

1. Appellee, along with twenty other operators of similar establishments had already lost in their effort to have the ordinance declared unconstitutional. *SDJ, Inc., d/b/a Sugar Babes, et al v. The City of Houston*, 636 F.Supp. 1359 (S.D.Tex. 1986), *appeal filed* September 11, 1986.

U.S. 977, 93 S.Ct. 2142, 36 L.Ed.2d 700. Appellee also fails to satisfy the second part of the test for this requirement because it has an adequate remedy at law. If one can commit an act in violation of the ordinance and defend the prosecution thereunder by asserting the invalidity of the ordinance, then this requirement cannot be satisfied and a court of equity has no jurisdiction to enjoin enforcement of the ordinance. *State v. Logue*, 376 S.W.2d at 570; *Air Curtain Destructor Corp. v. City of Austin*, 675 S.W.2d 615 (Tex.App. —Tyler 1984, writ ref'd n.r.e.). Perhaps the best example of the test for determining when there is an adequate remedy at law comes from *City of Austin v. Austin City Cemetery Ass'n*, 87 Tex. 330, 28 S.W. 528 (1894), where the court stated:

> Suppose a city, not having the power under its charter to do so, should pass an ordinance prohibiting the sale of butcher's meat in a certain locality, and suppose it should also prohibit any one from selling meat to be there sold, or from buying in the prohibited place. The ordinance would be void; but could any one say that the business of a market man in the locality might not be effectually destroyed by it? Under such circumstances, we are of opinion that he should have the right to proceed against the corporation to enjoin its enforcement. If a penalty was denounced against no one but the market man who should sell, it would seem that his remedy would be proceed with his business, and defeat any prosecution that should be brought against him for the infraction of the void ordinance.

Here, appellee, like the market man in the second example above, can proceed with its business and contest the ordinance in any prosecution brought against it. Appellee is in no way threatened with irreparable injury to any property right which it may have. It is clear that the trial court was without jurisdiction to issue the temporary injunction.

The judgment of the trial court is reversed and the temporary injunction is dissolved.

J. CURTISS BROWN, Chief Justice, concurring.

I concur because the first prong of *Kaplan* has not been met. In my view the evidence supports the implied finding of the trial court that enforcement of the ordinance would cause irreparable injury to vested property rights.