

# NUMBER 13-11-00171-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

**CITY OF CORPUS CHRISTI,**                                              **Appellant,**

**v.**

**J.D. MALDONADO, GABRIEL VEGA,
TIMOTHY WELLS, BRIAN WHITE, AND
DENISE WHITE,**                                                         **Appellees.**

### On appeal from the 94th District Court
### Nueces County, Texas

# OPINION

### Before Justices Benavides, Vela, and Perkes
### Opinion by Justice Perkes

In this accelerated appeal, the City of Corpus Christi (the "City") appeals the trial court's order granting appellees J.D. Maldonado, Gabriel Vega, Timothy Wells, Brian White, and Denise White (the "Merchants") a temporary injunction that prevents the City from enforcing City of Corpus Christi Ordinances 028948 and 028967 to the extent the

ordinances ban "illegal smoking paraphernalia." *See* CORPUS CHRISTI, TEX., ORDINANCES ch. 33, art. IX, §§ 33-124 – 33-126 (2011) (codification of ordinance number 028967).

By two issues, the City argues: (1) the trial court's temporary-injunction order is void because it does not include a statement of why the Merchants would suffer irreparable harm if the temporary-injunction order was not issued; and (2) the trial court lacked subject-matter jurisdiction to grant injunctive relief because the Merchants had an adequate remedy at law in that they could assert the invalidity of the ordinance in defense to a criminal prosecution. We hold the trial court had subject-matter jurisdiction to issue the temporary-injunction order, but declare void and dissolve the trial court's temporary-injunction order because it did not set forth why the Merchants would suffer irreparable harm without the injunction, as required under Texas Rule of Civil Procedure 683. *See* TEX. R. CIV. P. 683.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Merchants are owners of tobacco accessory and novelty shops located within the City of Corpus Christi, Texas. The Merchants sued the City seeking to temporarily and permanently enjoin the City from enforcing City of Corpus Christi Ordinances 028948 and 028967, which were enacted in February 2011.[1] The ordinances ban certain smoking products, such as synthetic marihuana, and make it

---

[1] The ordinances are almost identical, but contain two significant differences. Ordinance 028948 was approved on February 7, 2011, and provided for a maximum fine of $2,000 per offense. Ordinance 028967 was approved on February 15, 2011, and reduced the maximum fine to $500 per offense and included an exemption for certain pipes called hookahs when they are used with legal tobacco products. *See* CORPUS CHRISTI, TEX., ORDINANCES ch. 33, art. IX, §§ 33-124(b)(2), 33-126 (2011). Without citation to legal authority, the City told the trial court that the latter ordinance superseded the prior ordinance. Ordinance 028967, however, does not state the prior ordinance was superseded. *See id.* at §§ 33-124 – 33.126 (codification of ordinance 028967). The trial court addressed both ordinances in its temporary-injunction order; we will likewise address both ordinances.

2

illegal for any individual or retailer to use, possess, purchase, barter, sell, give, or otherwise transfer any "illegal smoking paraphernalia." *See* CORPUS CHRISTI, TEX., ORDINANCES ch. 33, art. IX, §§ 33-124 – 33-126. Illegal smoking paraphernalia is defined very broadly and includes any device, equipment, or utensil that is used, intended to be used, or by its design capable of being used, to ingest illegal smoking materials. *See id.* at § 33-124(b). Thus, even an ordinary pipe traditionally used for smoking tobacco may be banned under the ordinances. The ordinances establish strict-liability offenses because no culpable mental state is required to commit an offense. *See id.* at § 33-125(d). A person who violates any term of the ordinances is subject to a fine. *See id.* at § 33-126.

In the trial court, the Merchants challenged only the illegal-paraphernalia portions of the ordinances. The Merchants argued the ordinances are unconstitutional in various respects, preempted by state law, and not validly enacted.[2] The Merchants alleged that the Corpus Christi Police Department had already cited Timothy Wells for a violation of the "newly passed ordinance," and that Wells's property was seized because it was allegedly illegal under the new ordinance. The Merchants presented evidence to the trial court that their businesses had declined substantially because of the ordinances, and that they and their customers were afraid to transact business for fear of violations.

On March 30, 2011, the trial court entered a temporary-injunction order enjoining the City from enforcing the part of "[s]ection 2(a) [of the ordinances] that pertains to

---

[2] The possession of controlled-substance paraphernalia is regulated by the Texas Controlled Substances Act. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.125 (West 2010). We have not been asked to determine whether state law preempts the ordinances. In this regard, Plano and Dallas, Texas have each enacted ordinances banning smoking products such as synthetic marihuana and associated drug paraphernalia; they have not banned ordinary pipes used for smoking tobacco. *See* PLANO, TEX., ORDINANCES, art. X, § 14-125 (2011) ("Illegal Smoking Products and Ingestion Devices"); DALLAS, TEX. ORDINANCES ch. 31, art. I, § 31-32.1 (2011) ("Illegal Smoking Products and Related Paraphernalia Prohibited").

'illegal smoking paraphernalia.'"   As written, section 2(a) of the ordinances makes it illegal to use, possess, purchase, barter, give, sell, or otherwise transfer "illegal smoking paraphernalia," broadly defined.[3]   *See* CORPUS CHRISTI, TEX., ORDINANCES ch. 33, art. IX, §§ 33-124(b), 33-125(a) (defining and banning "illegal smoking paraphernalia").

## II.  STANDARD OF REVIEW

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation, pending a trial on the merits.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).  A temporary injunction is an extraordinary remedy, and does not issue as a matter of right.  *Id.*  We review a trial court's decision granting a temporary injunction for an abuse of discretion.  *Id.* The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion.  *Id.*

Subject-matter jurisdiction is an issue of law which we review de novo.  *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  Subject-matter jurisdiction is never presumed and cannot be waived.  *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied).   In reviewing subject-matter jurisdiction, we are not required to look solely to the pleadings, but may consider evidence relevant to the jurisdictional issues raised.  *See Ryan v. Rosenthal*,

---

[3] On March 30, 2011, the trial court signed and entered a temporary-injunction order granting the Merchants relief and setting this case for trial on April 15, 2011.  The City filed its notice of appeal on April 1, 2011.  On April 8, 2011, the City filed a "Motion for Stay of Trial Court Proceedings" and this Court issued an order on April 11, 2011, in which it granted the City's motion.  *See* TEX. R. APP. P. 29.3.  Accordingly, this Court's order of April 11 stayed proceedings in the trial court in this cause.  Notwithstanding this Court's stay, the trial court signed and entered a first amended temporary-injunction order on April 18, 2011, along with findings of fact and conclusions of law.  The trial court's rulings of April 18, 2011, are void because they were made in violation of this Court's stay order.  *See In re Martinez*, 77 S.W.3d 462, 467 (Tex. App.—Corpus Christi 2002) (orig. proceeding); *Oryx Capital Int'l, Inc. v. Sage Apts., L.L.C.*, 167 S.W.3d 432, 438 (Tex. App.—San Antonio 2005, no pet.).  We do not consider the trial court's April 18, 2011 order or its findings of fact and conclusions of law.  We consider only the trial court's temporary-injunction order of March 30, 2011.

314 S.W.3d 136, 141 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Morrow v. Truckload Fireworks, Inc.*, 230 S.W.3d 232, 236 (Tex. App.—Eastland 2007, pet. dism'd as moot) (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001)). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction is a question of law that we review do novo. *Ryan*, 314 S.W.3d at 141 (citing *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). When determining whether the trial court had jurisdiction, we construe the pleadings liberally, in the plaintiff's favor. *Morrow*, 230 S.W.3d at 239 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

### III.  DISCUSSION

### A.  The Trial Court's Subject-Matter Jurisdiction

By its second issue, the City argues that the trial court lacked subject-matter jurisdiction over the Merchants' claim for a temporary injunction because equitable relief is not available when a criminal prosecution is imminent, and the invalidity of the penal ordinance can be raised as a defense to prosecution. *See e.g.*, *City of Houston v. MEF Enters., Inc.*, 730 S.W.2d 62, 63–64 (Tex. App.—Houston [1st Dist.] 1987, no writ). In this case, one of the Merchants was cited for violating the ordinance, and the others feared prosecution. While the City correctly states the general rule, under a well-established, narrow exception to that rule, a temporary injunction may be available when a penal statute is unconstitutional and a vested property right is at stake.[4] *See Ryan*, 314 S.W.3d at 141. If a plaintiff challenging the constitutionality of a penal law

---

[4] To be entitled to equitable relief from enforcement of a penal statute when prosecution is imminent, in addition to showing irreparable harm to a vested property right, a plaintiff must show the penal statute is unconstitutional. *See State v. Morales*, 869 S.W.2d 941, 942 & 945 n.8 (Tex. 1994); *see generally Morrow v. Truckload Fireworks, Inc.*, 230 S.W.3d 232, 237–38 (Tex. App.—Eastland 2007, pet. dism'd as moot). We note that in the trial court, the Merchants argued with supporting evidence that the ordinances are unconstitutional. On appeal, the City does not raise any issue pertaining to the Merchants' showing of unconstitutionality.

shows irreparable harm to a vested property right resulting from the attempted enforcement of the penal ordinance, a trial court may exercise its equitable jurisdiction to temporarily enjoin enforcement of the penal ordinance even though prosecution is imminent. *See State v. Morales*, 869 S.W.2d 941, 944–45 (Tex. 1994); *Morrow*, 230 S.W.3d at 237–38.

Property rights are created and defined by state law. *Reese v. City of Hunter's Creek Vill.,* 95 S.W.3d 389, 391 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A person's property interests include actual ownership of real estate, chattels, and money. *Id.* The term "property right" refers to any type of right to specific property, including tangible, personal property. *See Morrow*, 230 S.W.3d at 238. A right is vested when it has a definitive rather than potential existence. *City of La Marque v. Braskey,* 216 S.W.3d 861, 862 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Property owners do not have a constitutionally protected, vested right to use property in any certain way, without restriction. *Id.* (holding use of real property as a cat shelter is not a vested property right); *Morrow*, 230 S.W.3d at 238–39. However, a seller does have a vested property right in the possession of legal, physical items of inventory that it owns. *See Morrow*, 230 S.W.3d at 240; *Plant Process Equip., Inc. v. Harris*, 579 S.W.2d 53, 55 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ).

In *Morrow*, the Eleventh Court of Appeals addressed whether a district court had jurisdiction to grant a fireworks company an injunction that prevented Midland County from enforcing a penal ordinance that banned the outdoor use of fireworks in Midland County. *Morrow*, 230 S.W.3d at 234, 237. The fireworks company alleged it had spent over $300,000 on inventory and over $50,000 for leases and advertising that would be lost if it could not sell its fireworks because of the ban. *Id.* at 239. The appellate court

6

concluded that although the company alleged tremendous financial loss as a result of the county's ban, the company lacked a vested property interest in the operation of its business of selling fireworks. *Id.* In its analysis, the appellate court recognized the company had "a property right in the physical items, such as inventory, that it own[ed]," but no vested property right was threatened under the facts presented insofar as the company could still sell its fireworks and was not required to surrender its inventory. *See id.* at 238, 240. The appellate court concluded the district court lacked jurisdiction to enjoin enforcement of Midland County's fireworks ban because the fireworks company did not identify a vested property right that was harmed. *Id.* at 240–41.

Perhaps the best test for determining the adequacy of requiring a plaintiff to challenge a penal statute by defense to a criminal prosecution comes from *City of Austin v. Austin City Cemetery Association*, wherein the Texas Supreme Court wrote:

> Suppose a city, not having the power under its charter to do so, should pass an ordinance prohibiting the sale of butchers' meat in a certain locality, and suppose it should also prohibit any one from selling meat to be there sold, or from buying in the prohibited place. The ordinance would be void; but could any one say that the business of a market man in the locality might not be effectually destroyed by it? Under such circumstances, we are of opinion that he should have the right to proceed against the corporation to enjoin its enforcement. If a penalty was denounced against no one but the market man who should sell, it would seem that his remedy would be to proceed with his business, and defeat any prosecution that should be brought against him for the infraction of the void ordinance. But to deny a remedy in a court of equity in the case f[ir]st supposed, or in the present case, analogous to it, would be, we think, to disregard the fundamental principle upon which such courts are established.

*City of Austin v. Austin City Cemetery Association*, 87 Tex. 330, 337, 28 S.W. 528, 530 (Tex. 1894); *see also MEF Enters.*, 730 S.W.2d at 64 (applying the butcher example from *City of Austin* to demonstrate adequacy of legal remedy).

7

While we recognize the City has a legitimate interest in protecting health and safety, the ordinances are so broad as to criminalize possession of pipes traditionally used to smoke legal tobacco products. *See Ex parte Woodall*, 154 S.W.3d 698, 701–02 (Tex. App.—El Paso 2005, pet. ref'd) (discussing a city's interest in an ordinance that prohibits smoking in enclosed public places). As the City's counsel conceded in the trial court, the ordinances make illegal possession of pipes that can be used to smoke tobacco, regardless of a person's intent.

The ordinances prohibit the Merchants from selling pipes traditionally used for smoking tobacco, prohibit prospective customers from purchasing pipes of this type, and at least one merchant's property was seized because it was allegedly illegal under the new ordinance. In addition, the Merchants presented evidence in the trial court that their businesses were being severely curtailed by the ordinances. Accordingly, we hold that the Merchants demonstrated irreparable harm to a vested property right resulting from the enforcement of the penal ordinances, and that the trial court had jurisdiction to enter its temporary-injunction order even if prosecution was imminent as the City maintains. *See Morales*, 869 S.W.2d at 945; *City of Austin*, 87 Tex. at 336–37, 28 S.W. at 530; *Morrow*, 230 S.W.3d at 239–41. The City's second issue is overruled.

## B. The Trial Court's Failure to Set Forth the Reasons for the Injunction

By its second issue, the City argues the temporary-injunction order should be declared void because the trial court failed to comply with the requirement that it set forth in the temporary-injunction order precisely why the Merchants would suffer irreparable harm if it did not issue the order. *See* TEX. R. CIV. P. 683. We agree.

Texas Rule of Civil Procedure 683 provides that every order granting an injunction shall set forth the reasons for its issuance and be specific in its terms. *See id.*

8

Thus, when a temporary-injunction order is based on a showing that the applicant would suffer irreparable harm if the injunction is not issued, Rule 683 requires the order to state precisely *why* the applicant would suffer irreparable harm. *City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708–09 (Tex. App.—Corpus Christi 2010, no pet.); *Beckham v. Beckham*, 672 S.W.2d 41, 43 (Tex. App.—Houston [14th Dist.] 1984, no writ). In this case, the temporary-injunction order states, "the [trial] Court finds and concludes that Plaintiff will probably prevail on the trial of this cause; that a probable, imminent, and irreparable injury will occur in the interim." But, the order contains no language explaining why the Merchants would suffer irreparable harm. Besides the quoted non-specific language that "[p]laintiff will probably prevail," the order does not contain any language that sets forth the trial court's reasons for issuing the injunction order. Accordingly, we conclude the temporary-injunction order violates Rule 683 and therefore is void and of no effect. *See* TEX. R. CIV. P. 683; *Friends of the Coliseum*, 311 S.W.3d at 710. We sustain the City's first issue on appeal.

## IV.  CONCLUSION

We reverse the trial court's temporary-injunction order of March 30, 2011, and remand this case to the trial court for proceedings consistent with this opinion.[5]

_____
GREGORY T. PERKES
Justice

Delivered and filed the
20th day of October 2011.

---

[5] In light of this opinion, effective today, we hereby lift the stay of trial-court proceedings this Court previously ordered on April 11, 2011.

9