# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 22, 2015 Session

## AUSTIN DAVIS v. COVENANT PRESBYTERIAN CHURCH OF NASHVILLE, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 14C2556     Carol L. McCoy, Judge**

_____

**No. M2014-02400-COA-R9-CV – Filed September 30, 2015**
_____

A former church member brought suit against the pastor and other defendants not involved in this appeal. The trial court dismissed all of the plaintiff's claims against the pastor with the exception of the causes of action for defamation and outrageous conduct. We have concluded that the plaintiff's complaint does not make out claims for defamation or outrageous conduct. The decision of the trial court is, therefore, reversed and remanded with instructions to dismiss the complaint in in its entirety.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and D. MICHAEL SWINEY, J., joined.

Thomas M. Donnell, Jr., Autumn L. Gentry, and Kelly M. Telfeyan, Nashville, Tennessee, for the appellant, Stewart James (Jim) Bachmann, Jr.

Austin Davis, Nashville, Tennessee, Pro Se.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Austin Davis ("Mr. Davis"), is a former member of Covenant Presbyterian Church of Nashville ("Covenant"). Mr. Davis has brought several lawsuits against the church, its pastor, and related persons and entities that included allegations that the church and its agents caused injury to him in furtherance of actions to

fraudulently conceal child sexual abuse by one of its members.  One of those lawsuits, *Davis v. Covenant Presbyterian Church of Nashville*, No. M2013-02273-COA-R3-CV, 2014 WL 2895898 (Tenn. Ct. App June 23, 2014) ("*Davis I*"), was decided by this Court.[1]

After the complaint in *Davis I* was filed in June 2013, Covenant's pastor, James Bachmann ("Pastor Bachmann"), wrote a letter to the congregation that was published in the church's email newsletter.  The email stated as follows:

> Dear Brothers and Sisters,
> I write to inform you that a former member, Mr. Austin Davis, has filed a lawsuit against our church, seeking damages and making a number of serious, but false allegations.  You may read something in the papers tomorrow or soon thereafter about this.  He has also sued the Nashville Presbytery, and the Presbyterian Church in America denomination.
> Mr. Davis has made numerous complaints about our church for the last ten or eleven years.  Our best efforts to resolve these matters proved unsuccessful.  We are saddened that he has taken this step but will cooperate fully with authorities in the coming days.  We will also keep you well informed as developments arise.  Please keep the leadership of the church in your prayers, in particular the committee that will be handling this:  Herb Kneeland, chairman; John Avery, John Bryant, and Ron Kimery.  Please contact any of these men, or any of the pastors if you have questions.  Thank you for your prayers!
> Warmly, in Christ,
> Pastor Jim

Mr. Davis filed a lawsuit on June 23, 2014 against Covenant, Pastor Bachmann, Nashville Presbytery ("the Presbytery"), and the Presbyterian Church in America ("the PCA") alleging causes of action for negligence, negligent and intentional infliction of emotional distress, false light invasion of privacy, and defamation; he sought thirty-five

---

[1] In *Davis I*, the defendants (Covenant, the pastor, several members, the presbytery, and the denomination) filed a motion to dismiss the plaintiffs' amended complaint, which alleged causes of action for invasion of privacy; malicious harassment; assault; intentional infliction of emotional distress; negligence; negligent hiring, training, supervision and retention; and civil conspiracy. *Davis I*, 2014 WL 2895898, at *1.  The trial court granted the defendants' motion, holding that the amended complaint failed to state a claim upon which relief could be granted.  *Id.* at *2.  On appeal, this Court affirmed the trial court's dismissal of all of the plaintiffs' claims against the presbytery and the denomination.  *Id.* at *9.  We affirmed the dismissal of the plaintiffs' claims against the individual defendants and Covenant for all of the causes of action except the claim for assault.  *Id.* With respect to the claim for assault, we reversed and remanded for further proceedings.  *Id.*

million dollars in damages. In an amended complaint filed in July 2014, Mr. Davis made substantially similar allegations and asserted the same causes of action.

On August 1, 2014, Covenant and Pastor Bachmann filed a motion to dismiss the amended complaint pursuant to Tenn. R. Civ. P. 12.02(6) for failing to state a claim upon which relief could be granted. They argued that Mr. Davis's claims were barred by the litigation privilege. In the alternative, the defendants asserted that the plaintiff's amended complaint should be dismissed pursuant to Tenn. Rs. Civ. P. 8.01, 8.05, 12.02(6) and 12.02(1) for failing to provide a short and plain statement of the claims showing the plaintiff was entitled to relief, and failing to state a claim upon which relief could be granted. On August 8, 2014, the PCA and the Presbytery filed motions to dismiss the plaintiff's amended complaint. Pastor Bachmann and Covenant also filed a motion for sanctions against Mr. Davis's attorney pursuant to Tenn. R. Civ. P. 11.

After a hearing in August 2014, the trial court entered an order on September 8, 2014 in which it granted in part and denied in part Covenant and Pastor Bachmann's motion to dismiss. The court granted and stayed the motion for sanctions, granted the Presbytery's motion to dismiss and granted the PCA's motion to dismiss. The court ordered that all of the claims against Covenant be dismissed with prejudice on the grounds that they failed to state a claim upon which relief could be granted, that they were barred by the statute of limitations, and that they were barred by res judicata. As to Pastor Bachmann, the trial court held:

> All of Plaintiff's claims against Pastor Bachmann, other than Plaintiff['s] claims for defamation and outrageous conduct, are DISMISSED with prejudice to the refiling of the same on the grounds that they fail to state a claim upon which relief can be granted; are barred by the statute of limitations; and are barred by the doctrine of *res judicata*. Accordingly, at trial, the only allegation of the Amended Complaint that Plaintiff can present to the jury in support of his claim for defamation and outrageous conduct is paragraph 23 [which contains the newsletter email quoted above]
> . . . .

Finding no just reason for delay, the trial court designated this order a final order pursuant to Tenn. R. Civ. P. 54.02.

On October 8, 2014, Pastor Bachmann filed a motion for permission to file an interlocutory appeal of the September 8, 2014 order and to stay the proceedings. The trial court, in a November 2014 order, granted Pastor Bachmann's motion for permission to file an interlocutory appeal and to stay the proceedings. On December 4, 2014, Pastor Bachmann filed an application for permission to appeal pursuant to Tenn. R. App. P. 9,

and this Court granted the application on January 2, 2015.

On appeal, Pastor Bachmann argues that the trial court erred in failing to dismiss the plaintiff's claims against him for defamation and outrageous conduct.

STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6) challenges the legal sufficiency of the complaint rather than the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Id.* In considering a motion to dismiss, a court must liberally construe the complaint, "'presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). The scope of review following the grant or denial of a motion to dismiss involves a question of law, which we review de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894-95 (Tenn. 2011).

ANALYSIS

Defamation

To establish a prima facie case of defamation, the plaintiff must prove the following elements:

> (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement.

*Hibdon v. Grabowski*, 195 S.W.3d 48, 58 (Tenn. Ct. App. 2005). The basis for a claim for defamation "'is that the defamation has resulted in an injury to the person's character and reputation.'" *Brown v. Mapco Express, Inc.*, 393 S.W.3d 696, 708 (Tenn. Ct. App. 2012) (quoting *Davis v. The Tennessean*, 83 S.W.3d 125, 128 (Tenn. Ct. App. 2001)). This Court has adopted the following description of what constitutes a defamatory statement:

> For a communication to be libelous, it must constitute a serious threat to the

4

plaintiff's reputation. A libel[2] does not occur simply because the subject of a publication finds the publication annoying, offensive or embarrassing. The words must *reasonably be construable as holding the plaintiff up to public hatred, contempt or ridicule.* They must carry with them an element "of disgrace."

*Id.* (quoting *Kersey v. Wilson*, No. M2005-02106-COA-R3-CV, 2006 WL 3952899, at *3 (Tenn. Ct. App. Dec. 29, 2006)) (further citations omitted) (emphasis added). Furthermore, "[m]ere hyperbole or exaggerated statements intended to make a point are not actionable defamatory statements." *Farmer v. Hersh*, No. W2006-01937-COA-R3-CV, 2007 WL 2264435, at *5 (Tenn. Ct. App. Aug. 9, 2007).

Because a defamatory statement must be "factually false in order to be actionable, comments upon or characterizations of published facts are not in themselves actionable." *Stones River Motors, Inc. v. Mid-South Publ'g Co., Inc.*, 651 S.W.2d 713, 720 (Tenn. Ct. App. 1983). A writer's comments upon true and nondefamatory published facts are not actionable, "even though [the comments] are stated in strong or abusive terms." *Id.* The writer's opinions have constitutional protection under the First Amendment. *Id.* This Court has held that "an opinion is not actionable as libel unless it implies the existence of unstated defamatory facts."[3] *Id.* at 722.

The question of "whether a communication is capable of conveying a defamatory meaning is a question of law for the court to decide in the first instance; it is then for the jury to decide whether the communication was in fact so understood by those who received it." *Brown*, 393 S.W.3d at 708-09 (citations omitted). In making this determination, a court "must look to the words themselves and [is] not bound by the plaintiff's interpretation of them." *Stones River Motors*, 651 S.W.2d at 719.

We turn now to the email sent by Pastor Bachmann and alleged by Mr. Davis to be defamatory. According to Mr. Davis's amended complaint, the statements in the email meant, were intended to mean, and were understood to mean that "everything stated in

---

[2] Libel is a written form of defamation. *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn.1994).

[3] The Restatement (Second) of Torts gives the following example:
A writes to B about his neighbor C:
"I think he must be an alcoholic." A jury might find that this was not just an expression of opinion but that it implied that A knew undisclosed facts that would justify this opinion.
*Stones River Motors*, 651 S.W.2d at 721 (quoting RESTATEMENT (SECOND) OF TORTS § 566, p. 174 (1977)).

5

the lawsuit was a lie," that he "has been filing multiple lawsuits for ten or eleven years which are predicated on lies," that Mr. Davis is a liar, that he is "fundamentally dishonest," and that he "has been dishonest for at least ten or eleven years." While Mr. Davis may have understood the email in this way, we disagree that the email could reasonably be construed as defamatory.

Most of the statements in the email are factually true. Mr. Davis focuses upon Pastor Bachmann's statements that the lawsuit makes "a number of serious, but false allegations," and that "Mr. Davis has made numerous complaints about our church for the last ten or eleven years." The latter statement is a factual one. The former statement is a statement of opinion, denying the allegations of the lawsuit. We do not find that the words of the email can "'reasonably be construable as holding the plaintiff up to public hatred, contempt or ridicule.'" *Brown*, 393 S.W.3d at 708 (quoting *Kersey*, 2006 WL 3953899, at *3). Rather, they are, at most, "'annoying, offensive, or embarrassing.'" *Id.* Pastor Bachmann was informing the members of his congregation of a lawsuit against him and the church. He gave his opinion that the allegations in the lawsuit were false, just as he would deny them in an answer filed in court.

We hold, as a matter of law, that the email is not capable of conveying a defamatory meaning. Thus, the trial court erred in failing to dismiss this count of the complaint.

## Outrageous conduct

The other cause of action against Pastor Bachmann not dismissed by the trial court is the claim for "outrageous conduct," which is another term for the intentional infliction of emotional distress. *See Brown*, 393 S.W.3d at 703.

To prove a claim for the intentional infliction of emotional distress, a plaintiff must establish the following elements: "that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012). This Court has observed that, "A plaintiff's burden to demonstrate outrageous conduct 'is not an easy burden to meet.'" *Brown*, 393 S.W.3d at 703 (quoting *Weaver v. Pardue*, No. M2010-00124-COA-R3-CV, 2010 WL 4272687, at *5 (Tenn. Ct. App. Oct. 28, 2010)) (further citation omitted). Our Supreme Court has adopted the following standard from the Restatement (Second) of Torts:

The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that

he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous."

*Bain v. Wells*, 936 S.W.2d 618, 622-23 (Tenn. 1997) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).

Applying these principles to the present case, we find that Pastor Bachmann's behavior cannot be characterized as so outrageous in character or outside the bounds of decency as to be regarded as atrocious or intolerable in a civilized community. Our Supreme Court has stated that liability for outrageous conduct "'does not extend to mere insults, indignities, threats, annoyances, petty oppression or other trivialities.'" *Bain*, 936 S.W.2d at 622 (quoting *Medlin v. Allied Inv. Co.*, 398 S.W.3d 270, 274 (Tenn. 1966)). Pastor Bachmann's email may fall in the category of an annoyance, or other triviality; but we find, as a matter of law, that it does not constitute outrageous conduct or the intentional infliction of emotional distress. Thus, the trial court erred in failing to dismiss this count of the complaint against Pastor Bachmann.

In light of our conclusions on these two issues, we need not consider the application of the litigation privilege.

CONCLUSION

The judgment of the trial court is reversed, and the complaint against Pastor Bachmann should be dismissed in its entirety. Costs of appeal are assessed against the appellee, Austin Davis, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE